UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD BREES,

               Plaintiff,

v.

HMS GLOBAL MARITIME INC., HMS FERRIES INC., and STEVE CAPUTO,

               Defendants.

CASE NO. 3:18-cv-05691-RJB

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL

THIS MATTER comes before the Court on Plaintiff's Motion to Appoint Counsel. Dkt. 7. The Court has considered the motion, the Complaint (Dkt. 1-1), and the remainder of the file herein.

This 28 U.S.C. § 1983 action flows from the allegation that Plaintiff was subjected to an unlawful search at the ferry terminal in Steilacoom, Washington during May of 2018. Dkt. 1-1. Plaintiff filed this action on August 22, 2018, and has been granted leave to proceed *in forma pauperis*. Dkt. 3. Plaintiff filed a motion to appoint counsel on September 14, 2018. Dkt. 7.

Facts alleged in the Complaint are summarized as follows. *See* Dkt. 1-1 at 4-7. While Plaintiff waited for the ferry, Defendant Steve Caputo, "General Manager" and "a Senior Ticketing Agent," demanded the search of Plaintiff's vehicle for purposes of a search training

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL - 1

exercise. Plaintiff refused the search, and it appeared Plaintiff would be refused entry onto the ferry, although he was later allowed to proceed. The next day, Plaintiff was subjected to a second search request, which Plaintiff initially refused, until Defendant Caputo threatened to prohibit Plaintiff from taking the ferry. After Defendant Caputo searched the interior of Plaintiff's car, he requested to also search bags in Plaintiff's trunk, and Plaintiff reluctantly acquiesced. Plaintiff said to Defendant Caputo, "see you in court asshole," after which Defendant Caputo informed other personnel that Plaintiff was banned from the ferry. Other personnel directed Plaintiff to parking, away from the ferry loading ramp. *Id*.

The Complaint brings a state law tort of intentional infliction of distress and alleges violations of the First Amendment and Fourth Amendment and Article 1, § 7 of the Washington State Constitution. Dkt. 1-1 at 8.

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.").Under § 1915(e)(1), in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants. *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of the case or the legal issue involved, and an inadequate ability to articulate the factual basis of the claim. *Agyeman v. Corrections Corp. of America*, 390

F.3d 1101, 1103 (9th Cir. 2004). That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.

Applied here, first, while the Court should be cautious to avoid unnecessary findings about Plaintiff's claims, the Court finds that the facts as alleged point to the likelihood of success on the merits. And there are no glaring defects, such lack of subject matter jurisdiction or failure to file within statute of limitations, common to *pro se* cases. Second, the Complaint demonstrates that Plaintiff possesses the ability to articulate claims *pro se*. The facts are organized in a logical sequence, and there is a reasonable and rational connection between facts and claims alleged, indicating Plaintiff's intelligent grasp of the legal requirements to initiate a case. At present, Plaintiff shows the ability to pursue his claims, at least at the pleadings stage. As the case approaches trial, Plaintiff may refile the motion to appoint counsel. Plaintiff's motion should be denied without prejudice.

* * *

THEREFORE, Plaintiff's Motion to Appoint Counsel (Dkt. 7) is DENIED WITHOUT PREJUDICE.

It is so ordered.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 11th day of October, 2018.

ROBERT J. BRYAN
United States District Judge