UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD BREES,<br><br>               Plaintiff,<br><br>v.<br><br>HMS GLOBAL MARITIME INC, et al.,<br><br>               Defendants. | CASE NO. 3:18-cv-05691-RJB<br><br>ORDER ON PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR EXTENSION AND ASSISTANCE |

THIS MATTER comes before the Court on Plaintiff's Motion to Compel (Dkt. 38) and Plaintiff's Motion to Extend Pretrial Cutoff Dates, Trial Date, and Court Assistance with Proceedural [*sic*] Isses [*sic*] Regarding Pierce County and County Employees Named in the Plaintiffs [*sic*] Amended Complaint ("Motion for Extension and Assistance") (Dkt. 42). The Court has reviewed the motions and documents filed in support and opposition thereto, and it is fully advised.

For the reasons set forth below, the Court should deny Plaintiff's Motion to Compel (Dkt. 38), and grant, in part, and deny, in part, Plaintiff's Motion for Extension and Assistance (Dkt. 42).

## I.     BACKGROUND

On June 12, 2018, Plaintiff Richard Brees apparently filed a claim with Defendant Pierce County for damages related to an alleged unlawful search conducted by ferry personnel while Plaintiff attempted to board the ferry in his vehicle. Pierce County contracts with Defendant HMS Ferries, Inc. ("HMS") to operate Pierce County's ferry system. Dkt. 46, at 2. Defendant Tiffany Garcia ("Ms. Garcia") investigated the claim. Dkts. 35-1; and 46, at 2. As part of the investigation, Ms. Garcia interviewed Defendant Steve Caputo, HMS Ferries General Manager. Dkt. 46, at 2. Ms. Garcia prepared a confidential report ("Report") that summarized her findings and recommendations for legal review. Dkts. 46; and 23. On July 6, 2018, Pierce County denied Plaintiff's claim. Dkt. 46, at 2.

On August 22, 2018, Plaintiff Richard Brees, proceeding pro se, filed a complaint with this Court, apparently describing the lawsuit as a 42 U.S.C. § 1983 claim against HMS Ferries, Inc., HMS Global Maritime, Inc., and Steve Caputo. Dkt. 1-1. On October 30, 2018, Ms. Garcia emailed a copy of the Report to HMS Global Maritime, Inc.'s associate counsel, Justin Walker. Dkt. 46, at 2. On April 19, 2019, Plaintiff filed an Amended Complaint naming eight additional defendants, including Pierce County and Ms. Garcia. Dkt. 35-1.

On May 20, 2019, Plaintiff filed the instant Motion to Compel seeking to obtain the Report.[1] Dkt. 38. Defendants HMS Global Maritime Inc., HMS Ferries, Inc., Steve Caputo,

---

[1] Plaintiff, in his Reply in Support of the instant Motion to Compel, writes that "the plaintiff has never requested the' [*sic*] Report' *only the 'File to Memo'*. [*sic*] Stating that the plaintiff is now requesting the entire report is a red herring and once again is distinguish [*sic*] at best." Dkt. 60, at 2. Plaintiff reiterates that he "is not requesting the 'Report' (a red herring), only the File Memo that was shared with the defendants[.]" However, Plaintiff also writes,

ORDER ON PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR EXTENSION AND ASSISTANCE - 2

Mylinda Miller, Dominich De Lango, Thomas Ripa, Captain Tara Reynolds, and Derick F. Leenstra (collectively "HMS Defendants") filed a response in opposition to Plaintiff's Motion to Compel. Dkt. 46. Plaintiff filed a reply in support of his Motion to Compel. Dkt. 60.

On June 6, 2019, Plaintiff filed the instant Motion for Extension and Assistance, in which Plaintiff requests extended pretrial deadlines and court assistance pursuant to Fed. R. Civ. P. 4(c)(3). Dkt. 42. HMS Defendants filed a response in opposition to Plaintiff's motion to extend pretrial deadlines. Dkt. 49. Plaintiff responded in support of the instant Motion for Extension and Assistance. Dkt. 59.

Below, the Court first discusses Plaintiff's Motion to Compel (Dkt. 38). Second, the Court discusses Plaintiff's Motion for Extension and Assistance (Dkt. 42).

## II. DISCUSSION

### A. MOTION TO COMPEL

The Federal Rules of Civil Procedure provide:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26 (b)(1).

---

"On October 30th, 2018 Pierce Coutny Risk Investigator, Tiffany Garcia, *acting in bad faith* and upon the request of the defendant's [*sic*] attached her entire investigator report to an email and sent it to the defendants which included her 'File Memo' (See Exhibit E)." Dkt. 38, at 2 (emphasis in original). Apparently, although difficult to understand, Plaintiff seeks only a portion of the Report. With respect to the instant Motion to Compel, this is a distinction without a difference. Plaintiff is apparently seeking production of the Report, at least a portion thereof. Moreover, the Court does not follow how Plaintiff has apportioned a document that he has apparently never read. In an effort to resolve this issue, the Court's references to the Report in this order include Plaintiff's requested "File Memo."

Plaintiff moves for the Court to compel production of the Report. Dkt. 38. HMS Defendants oppose production on two grounds: first, Plaintiff failed to comply with meet and confer requirements as a prerequisite to a motion to compel; and, second, the Report is protected from disclosure under the work-product doctrine. Dkt. 46.

1. Meet and Confer Prerequisite

The Federal Rules of Civil Procedure provide:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1)

Similarly, the Local Court Rules provide:

> Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration of affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to made disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference. If the court finds that counsel for any party, or a party proceeding pro se, willfully refused to confer, failed to confer in good faith, or failed to respond on a timely basis to a request to confer, the court may take action as stated in CR 11 of these rules.

LCR 37(a)(1).

The Parties disagree about Plaintiff's satisfaction of the meet and confer requirements concerning a conference on May 15, 2019. Plaintiff certifies that he met with HMS Defendants' counsel, Charles Jordan and Michelle Buhler, at a meet and confer conference, but that HMS

Defendants' counsel refused to discuss producing the Report and "refused further discussions or to schedule a time more appropriate." Dkt. 38, at 2. Additionally, without elaboration, Plaintiff asserts that this was his "second attempt to confer on the subject." Dkt. 38, at 2.

HMS Defendants argue:

> On May 15, 2019, during the course of a 'meet and confer' conference between HMS counsel and Mr. Brees regarding Mr. Brees' failure to provide contact information for certain witnesses identified in his response to HMS's discovery requests, Mr. Brees unexpectedly asked to confer regarding the Report. Ms. Buhler and Mr. Jordan, not having recently reviewed the Report, advised Mr. Brees they were not prepared to discuss it at that very moment but offered to confer in the next couple days and invited Mr. Brees to schedule a Rule 37 conference, but he never did.

Dkt. 46, at 3.

Based on the May 15, 2019 conference and Plaintiff's apparent attempt to resolve production of the Report without court action, the Court is satisfied that Plaintiff made a good faith effort to meet and confer regarding production of the Report. Below, the Court discusses Plaintiff's Motion to Compel on the merits.

## 2. Protected Work-Product

The work-product doctrine protects "'from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation.'" *United States v. Richey*, 632 F.3d 559, 567–68 (9th Cir. 2011) (quoting *Admiral Ins. Co. v. U.S. Dist. Ct.,* 881 F.2d 1486, 1494 (9th Cir.1989) (citing Fed.R.Civ.P. 26(b)(3)). The work-product doctrine covers documents or the compilation of materials prepared by agents of an attorney in preparation for litigation. *Id.* (citing *United States v. Nobles,* 422 U.S. 225, 238, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975)). The work-product doctrine's protections are waivable. *Id.* (citing *Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010)).

"To qualify for work-product protection, documents must: (1) be 'prepared in anticipation of litigation or for trial' and (2) be prepared 'by or for another party or by or for that other party's representative.'" *Id.* (quoting *In re Grand Jury Subpoena, Mark Torf/Torf Envtl. Mgmt. (Torf),* 357 F.3d 900, 907 (2004)).

In circumstances where a document serves a dual purpose, that is, where it was not prepared exclusively for litigation, then the "because of" test is used. *Id.* (quoting *Torf,* 357 F.3d at 907). Dual purpose documents are deemed prepared because of litigation if in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation. *Id.* (internal quotations omitted). In applying the "because of" standard, courts must consider the totality of the circumstances and determine whether the document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of litigation. *Id.* (internal quotations omitted).

Here, the Report appears to have been prepared in anticipation of litigation and prepared by and for Pierce County because it was prepared by Ms. Garcia in her capacity as Pierce County's Risk Investigator in the course of investigating Plaintiff's claim. *See* Dkt. 23. Ms. Garcia states that she has investigated approximately 700 claims for Pierce County since November 2016, but it is unclear, and perhaps doubtful, that each of those investigations and any resulting reports were conducted or prepared exclusively in anticipation of litigation or trial. *See* Dkt. 23. To the extent the Report was not prepared exclusively for litigation, the "because of" test applies. *See Rickey,* 632, F.3d at 567–68. To that extent, the Court concludes that, considering the totality of the circumstances, as a Risk Investigator for Pierce County investigating a claim for damages submitted by Plaintiff, "a confidential report of [Ms. Garcia's]

findings and recommendations for legal review" would not have been created in substantially similar form but for the prospect of litigation. Dkt. 23, at 2. Indeed, it can be fairly said that Ms. Garcia drafted the Report because of the possibility of litigation or trial relating to Plaintiff's claim.

Therefore, the Report is protected work-product. Below, first, the Court discusses whether work-product protection was waived; second, whether the Report is discoverable because of substantial need.

### a. Waiver and Common Interest Defense

Plaintiff appears to assert that work-product protection was waived when Pierce County disclosed the Report to HMS. *See* Dkts. 38, at 3–4; and 60, at 4–6; *see generally* Dkt. 46, at 4–5. Pierce County argues that it was not waived because "[t]he 'common interest' or 'joint defense' rule is an exception to ordinary waiver rules." Dkt. 46, at 4 (internal citation omitted).

"Common interest is a long-recognized extension of the traditional common law doctrine of attorney-client privilege, which was pioneered by the Ninth Circuit to protect the confidentiality of communications passing from one party to the attorney for another party where the parties have undertaken a joint defense effort." *See Chandola v. Seattle Hous. Auth.*, C13-557 RSM, 2014 WL 4685351, at *7 (W.D. Wash. Sept. 19, 2014). "[A] shared desire to see the same outcome in a legal matter is insufficient to bring a communication between two parties" within the common interest rule. *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012). "Instead, the parties must make the communication in pursuit of a joint strategy in accordance with some form of agreement—whether written or unwritten." *Id.*

Work-product protections were not waived when Pierce County disclosed the report to HMS counsel. Pierce County and HMS have more than just a shared desire to see the same

outcome in this case: "Pierce County and HMS share a common business and legal interest. They share a common business interest because HMS Ferries operates and manages Pierce County's ferry system. Pierce County and HMS also share a common legal interest in defending against Mr. Brees' claims arising from HMS Ferries' alleged conduct occurring in the course of its ferry operations/management duties." Dkt. 46, at 5.

Therefore, the common interest defense applies to Pierce County's disclosure of the Report to HMS because it was done in pursuit of a joint strategy in accordance with the ferry system operations agreement between Pierce County and HMS Ferries and their common legal interest in defending against Mr. Brees's claims.

b. *Substantial Need*

Plaintiff also appears to make an argument that he has a substantial need to obtain the Report to determine whether "HMS Management coerced employees not to mention searching the plaintiff. Or did [*sic*] HMS Managers conspired with Pierce County employees and/or officials to cover-up the incidents alleged in the complaint." Dkt. 38, at 3. Plaintiff continues that the Report may indicate whether and why Ms. Garcia "ignored protocols and purposely failed to memorize [*sic*] a key statement from the alleged perpetrator (Mr. Caputo)." Dkt 38, at 3. Finally, Plaintiff argues that the Report may "shed even more light on the harmonic unconstitutional behavior of the defendants and Pierce County." Dkt. 38, at 3.

The Federal Rules of Civil Procedure provide:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and

> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3)(A).

Here, HMS concedes that the Report is otherwise discoverable under Rule 26(b)(1) (Dkt. 46, at 5); however, Plaintiff has not shown that he has a substantial need for the Report, which is protected as work-product (see discussion above), to prepare his case and cannot, without undue hardship, obtain its substantial equivalent by other means. Plaintiff flatly contends that "the requested memo is the plaintiff's best chance to obtain the original observations that *were purposely not memorized* [*sic*] by Tiffany Garcia, Pierce Counties [*sic*] Risk Investigator." Dkt. 60, at 6 (emphasis in original). But Plaintiff has apparently already arranged to depose Ms. Garcia (see Dkt. 46, at 5), and he has made no showing that any of Ms. Garcia's observations would be impossible to obtain by deposition without undue hardship.

Therefore, Plaintiff has not shown that he has a substantial need for the Report to prepare his case and cannot, without undue hardship, obtain its substantial equivalent by other means, and the Motion to Compel should be denied.

**B. MOTION FOR EXTENSION AND ASSISTANCE**

    a. <u>Motion for Extension</u>

Plaintiff moves for a "minimum of six months" extension of the trial and pretrial deadlines set forth in Dkt. 17. Dkt. 42, at 1. Plaintiff argues that "Discovery and investigation have disclosed additional witnesses, parties and issues along with other facts and information which will require additional discovery by plaintiff (*see amended complaint*)." Dkt. 42, at 2. Plaintiff continues, "This extension is necessary to allow plaintiff sufficient time to prepare for trial and complete service and discovery upon recently added defendants and claims brought

forth in the Plaintiffs [*sic*] amended complaint." Dkt. 42, at 2. Additionally, Plaintiff describes numerous challenges and limitations in his life and states that additional time is "needed to prepare his case to the best of his ability." Dkt. 59.

HMS Defendants have not agreed to a continuance of the trial date or pretrial deadlines, and they oppose Plaintiff's Motion for Extension and Assistance. Dkt. 49. HMS Defendants argue that Plaintiff has not been proactive in prosecuting his case and that he "should not be allowed to benefit from his dilatory tactics." Dkt. 49, 2. Additionally, HMS Defendants argue that a ruling on the Motion for Extension and Assistance should be deferred until the Court rules on the pending Motion to Dismiss (Dkt. 51) (noted for July 12, 2019), "which, if granted, would render plaintiff's need for discovery from the County moot." Dkt. 49, at 3.

The Court would prefer to establish trial and pretrial deadlines as soon as practicable. The existing discovery deadline is July 15, 2019, just three days after the noting date for the pending Motion to Dismiss (Dkt. 51). Dkt. 17. Plaintiff added nine additional defendants in the Amended Complaint, filed May 23, 2019, which may necessitate extended pretrial deadlines. *Compare* Dkt. 1-1 *with* Dkt. 35-1. Additionally, the Court is sympathetic to the personal challenges and limitations that Plaintiff shared with the Court. *See generally* Dkt. 59. Plaintiff's requested six-month extension of the trial and pretrial deadlines is too lengthy and would unreasonably delay resolution of this dispute, but the Court concludes that Plaintiff has shown that an extension of time of approximately ninety days is warranted.

Therefore, Plaintiff's Motion for Extension and Assistance should be granted as to an extension as follows: the trial and pretrial deadlines set forth in Dkt. 17 shall be extended approximately ninety days as detailed in the order below.

b. <u>Motion for Assistance with Procedural Issues</u>

Plaintiff states, "On 8/27/2018 the court granted plaintiff's application to proceed *In Forma Pauperis. Regrettably,* the plaintiff now requests court assistance under *FRCP 4 (c)(3)* with procedural issues regarding Pierce County and/or Pierce County Employees named in the plaintiffs [*sic*] amended complaint[.]" Dkt. 42, at 2 (emphasis in original). Plaintiff further provides that he has "experienced difficulties with Pierce County and County Employee defendants regarding service and other procedural issues," financial hardship making commuting difficult, and other issues affecting his transportation and computer access. Dkt. 42, at 2.

### 1. Assistance with Service

The Federal Rules of Civil Procedure provide:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The Court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c).

Because the Court has authorized Plaintiff to proceed in forma pauperis, the Court should grant Plaintiff's Motion for Extension and Assistance as to assistance of service pursuant to Fed. R. Civ. P. 4(c). However, to the extent that Plaintiff's Motion for Extension and Assistance requests other legal assistance with pleadings and "procedural issues," that motion should be denied without prejudice, as discussed below.

### 2. Legal Assistance

There is no constitutional right to appointed counsel in a § 1983 civil action, and the decision of whether to appoint counsel is within this Court's discretion. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d

564, 569 (9th Cir. 1995). Appointment of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1) requires "exceptional circumstances." *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing former 28 U.S.C. § 1915(d) (1996)), *overruled on other grounds*, 154 F.3d 952 (1998). To decide whether exceptional circumstances exist, the Court must evaluate "both 'the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these factors is dispositive and both must be viewed together[.]" *Id.*

Plaintiff has not demonstrated that exceptional circumstances exist in this case. At this point in the case, the Court cannot determine Plaintiff's likelihood of success on the merits. Defendants have filed a Motion to Dismiss for Failure to State a Claim (Dkt. 51), noted for July 12, 2019. Under the circumstances, it would be premature to determine Plaintiff's likelihood of success on the merits before the Motion to Dismiss is ripe and has been considered by the Court.

Plaintiff has not shown, nor does the Court find, that this case involves complex facts or law. Although prosecuting and trying a case can be difficult, the issues of this case do not appear so complex as to be beyond Plaintiff's ability to manage. For example, Plaintiff's Amended Complaint demonstrates Plaintiff's ability to articulate the factual basis of his 42 U.S.C. § 1983 claim. *See* Dkt. 39.

The Court finds that Plaintiff has not shown the exceptional circumstances required for the appointment of counsel or additional legal assistance at this time. Therefore, to the extent that Plaintiff moves for additional legal assistance, the Court should deny Plaintiff's request.

## III. ORDER

Therefore, it is hereby **ORDERED that:**

- Plaintiff's Motion to Compel (Dkt. 38) is **DENIED;** and
- Plaintiff's Motion for Extension and Assistance (Dkt. 42) is **GRANTED, in part, and DENIED, in part,** as follows:
    - Plaintiff's Motion for Extension (Dkt. 42) is **GRANTED** as follows:
        - Bench Trial is set for 2/10/2020 at 09:30 AM in Courtroom A before Judge Robert J. Bryan. Discovery shall be completed by 10/14/2019, Dispositive Motions due by 11/18/2019, Motions in Limine due by 1/13/2020, Pretrial Order due by 1/31/2020, Pretrial Conference set for 1/31/2020 at 08:30 AM in Courtroom A before Judge Robert J. Bryan.
    - Plaintiff's Motion for Assistance (Dkt. 42) is **GRANTED** as to assistance of service pursuant to Fed. R. Civ. P. 4(c).
    - Plaintiff's Motion for Assistance (Dkt. 42) is **DENIED** to the extent that Plaintiff requests additional legal assistance.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 8th day of July, 2019.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge