UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD BREES,<br><br>                Plaintiff,<br><br>    v.<br><br>HMS GLOBAL MARITIME INC, et al.,<br><br>                Defendants. | CASE NO. 3:18-cv-05691-RJB<br><br>ORDER ON PIERCE COUNTY DEFENDANTS' CR 12(B) MOTION TO DISMISS |

THIS MATTER comes before the Court on Pierce County Defendants' CR 12(b) Motion to Dismiss ("Motion to Dismiss"). Dkt. 51. The Court is familiar with the record and all materials filed in support of and in opposition to the motion. For the reasons set forth below, the Court should grant the Motion to Dismiss.

## I.     BACKGROUND

This case arises from allegedly unlawful searches conducted by ferry personnel against Plaintiff Richard Brees when he attempted to board the ferry in his car. Pierce County contracts with Defendant HMS Ferries, Inc. ("HMS") to operate Pierce County's ferry system. Dkt. 46, at 2.

ORDER ON PIERCE COUNTY DEFENDANTS' CR 12(B) MOTION TO DISMISS - 1

Plaintiff alleges two unconstitutional searches: one occurring on May 17, 2018, and the other on May 18, 2018. Dkt. 3-1, at 8-10. In the first alleged search, Plaintiff claims that Defendant Steve Caputo, General Manager ("GM"), HMS Ferries, Inc., alongside an unnamed Senior Ticketing Agent and Ferry Captain, attempted to search his vehicle on May 17, 2018. Dkt. 35-1, at 9. Plaintiff apparently resisted the search and was eventually allowed to board the ferry. Dkt. 35-1, at 9.

In the second alleged search, Plaintiff claims that an "angry GM" initiated a retaliatory search of his vehicle. Dkt. 35-1, at 10. Plaintiff alleges that he initially resisted the search, but, "under duress," "[d]esperate to get home, … [he] walked to his [car] trunk, opened it, and said 'fine, I'll play along, … so here search away.'" Dkt. 35-1, at 10-11. Plaintiff alleges that ferry personnel then searched his trunk and instructed Plaintiff to open a large bag, the contents of which were inspected. Dkt. 35-1, at 11.

The complaint provides that, after the search was completed, Plaintiff told the GM, "I'll see you in court asshole." Dkt. 35-1, at 11. Plaintiff was then not allowed to board the ferry and had to call his daughter to check on his pets, which were stranded at home. Dkt. 35-1, at 11.

On August 22, 2018, Plaintiff, proceeding pro se, filed a complaint with claims against HMS Ferries, Inc., HMS Global Maritime, Inc., and Steve Caputo. Dkt. 1-1. On April 19, 2019, Plaintiff filed an Amended Complaint naming eight additional defendants, including Pierce County and three of its employees, Tiffany Garcia ("Ms. Garcia," Risk Investigator), Lauren Behm ("Ms. Behm," Airport and Ferry Administrator), and MaryBeth DiCarlo ("Ms. DiCarlo," Risk Manager). Dkt. 35-1. The complaint describes the lawsuit as a 42 U.S.C. § 1983 case, and it also appears to include possible state law claims. Dkt. 35-1, at 7.

Only Defendants Pierce County, Ms. Garcia, Ms. Behm, and Ms. DiCarlo (collectively "County Defendants") filed the instant Motion to Dismiss and this Order only addresses the claims against the County Defendants. Dkt. 51. County Defendants argue that Plaintiff's Amended Complaint should be dismissed as to County Defendants for (1) lack of *in personam* jurisdiction, (2) insufficiency of process, and (3) failure to state a claim upon which relief can be granted. Dkt. 51, at 2.

Plaintiff untimely filed a response in opposition to the instant Motion to Dismiss. Dkt. 72; *see* § II(B), *infra*. County Defendants filed supplemental briefing in support of the instant Motion to Dismiss regarding Plaintiff's failure to timely file. Dkt. 69.

## II. DISCUSSION

### A. PRO SE STANDARDS

When a plaintiff proceeds pro se, a district court is required to afford plaintiff the benefit of any doubt in ascertaining what claims plaintiff raised in the complaint and argued to the district court. *Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008), (citing *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001)); *see also Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (pleadings of pro se civil rights plaintiff to be construed liberally, affording plaintiff benefit of any doubt).

Because plaintiff filed this complaint pro se, the court has construed the pleadings liberally and has afforded plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). However, "[p]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

**B. UNTIMELY OPPOSITION PAPERS**

The Local Court Rules provide:

> Any opposition papers shall be filed and served not later than the Monday before the noting date. If service is by mail, the opposition papers shall be mailed no later than the Friday preceding the noting date.
>
> []
>
> Each party opposing the motion shall, within the time prescribed in LCR 7(d), file with the clerk, and serve on each party that has appeared in the action, a brief in opposition to the motion, together with any supporting material of the type described in subsection (1). Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.

LCR 7(b)(2)-(3).

The instant Motion to Dismiss was noted for July 12, 2019, and any opposition papers were due no later than July 8, 2019. Plaintiff's response in opposition was filed on July 12, 2019, and was therefore untimely. Nevertheless, the Court has considered the contents of Plaintiff's response in opposition to the instant motion.

**C. FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS**

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief

above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

The Amended Complaint states numerous claims, including a 42 U.S.C. § 1983 federal claim. Dkt. 35-1, at 12-14. The other claims are either not cognizable as federal claims or appear to be state law claims. *See id.* Below, the Court first discusses the 42 U.S.C. § 1983 federal claim; second, it discusses Plaintiff's state law claims.

1. <u>42 U.S.C. § 1983 Claim</u>

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). "To state a claim under 42 U.S.C. § 1983 for violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington,* 152 F.3d 1993, 1194-95 (9th Cir. 1988).

"Because vicarious liability is inapplicable to … § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A complaint must contain "enough facts to state a claim to relief that is plausible on its face" so as to "raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 562-63 (2007). "The plausibility standard … asks for more than a sheer possibility that a defendant has acted

unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal,* 556 U.S. at 678 (internal citations and quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

Plaintiff has not discussed nor shown that County Defendants acted under color of state law, nor has Plaintiff shown that County Defendants discriminated against him based upon any membership in a protected class. *See* Dkt. 35-1. Plaintiff's § 1983 factual support is also insufficient as to County Defendants. *See* Dkt. 35-1.

Plaintiff has provided only conclusory allegations in support of his § 1983 claim: "When Pierce County failed to provide '[*sic*] equal treatment or protection as required by *U.S.C.A. Cost. Amend. 14* …, Pierce County failed to meet substantive due process requirements, therefore this matter becomes actionable through a 1983 claim[.]" Dkt. 35-1, at 14 (emphasis in original). Plaintiff adds, "Pierce County Official(s) conspired … to harm of [*sic*] Plaintiffs [*sic*] right(s) to procedural and/or judicial due process." Dkt. 35-1, at 8. Plaintiff also claims that Pierce County "failed to provide that care or fairness which an ordinarily reasonable person would exercise under the same circumstances," violating a "fundamental requirement of due process." Dkt. 35-1, at 14.

Plaintiff's factual allegations are threadbare and well below the *Iqbal* standard of plausibility. "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). Plaintiff's allegations against County Defendants are entirely conclusory.

Therefore, the Court should grant County Defendant's Motion to Dismiss as to Plaintiff's 42 U.S.C. § 1983 claim.

1   County Defendants also argue that Plaintiff cannot overcome a presumption in favor of
qualified immunity for officials acting in their individual capacities. Dkt. 51, at 12. Because the
Court will dismiss Plaintiff's § 1983 claim as to County Defendants for the reasons discussed
above, the Court need not discuss qualified immunity.

   2.   State Law Claims & Supplemental Jurisdiction

   Plaintiff's Amended Complaint appears to make numerous state law claims against County Defendants. *See* Dkt. 35-1, at 12-14.

   Pursuant to 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over state law claims if (1) the claims raise novel or complex issues of state law, (2) the state claims substantially predominate over the claim which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the values of economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (internal citations omitted).

   Although "it is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court," *Harrell v. 20th Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991), in the interest of fairness, the parties should be given an opportunity to be heard on whether the Court should decline to exercise supplemental jurisdiction over the state law claims.

   As to the County Defendants, by this order, Plaintiff's 42 U.S.C. § 1983 federal law claim will be dismissed, leaving only Plaintiff's state law claims. Therefore, the Parties should

be ordered to show cause, in writing, if any they have, why this Court should not decline to exercise supplemental jurisdiction over and dismiss without prejudice the state law claims against County Defendants. The Parties' showings, if any, should be filed no later than August 2, 2019, and should not exceed five pages.

### D. PERSONAL JURISDICTION & SERVICE OF PROCESS

County Defendants argue that "no personal jurisdiction exists over individual county employees" because Plaintiff allegedly failed to execute service of process. Dkt. 51, at 3. Defendants Ms. Garcia, Ms. Behm, and Ms. DiCarlo each state that they have not been served a summons or complaint in this matter. Dkts. 53–55. Plaintiff's untimely response indicates that Plaintiff served Defendants Ms. Garcia, Ms. Behm, and Ms. DiCarlo, but it is not clear how he did so. *See* Dkt. 72, at 10. Plaintiff attached proofs of service, each dated June 3, 2019, but he did not attach any summons or other materials addressed to Defendants Ms. Garcia, Ms. Behm, and Ms. DiCarlo. *See* Dkt. 72, at 19-21. Evangelyn Choski ("Ms. Choski"), an Office Assiant for Pierce County Risk Management states that, "[o]n June 3, 2019, … I noticed a woman in the front reception area of the office sliding papers through the window slot. I heard her say 'papers for you.'" Dkt. 57, at 2. Ms Choski continues that, "The woman did not identify herself or explain who or what the papers were for, and she promptly left our office one the papers left her hands. [] Upon reviewing the materials at issue, they appeared to be a single copy of a summons and complaint in the above entitled matter." Dkt. 57, at 2.

The service of process described by Ms. Choski does not comply with the Federal Rules of Civil Procedure. *See generally* Fed. R. Civ. P. 4 (c). Although County Defendants are incorrect that the Court is deprived of personal jurisdiction for insufficient service of process, Plaintiff's claims against the individually named defendants may nevertheless fail for insufficient

service of process. *See de Grise v. Bagus*, 3:10-CV-00662-LRH, 2012 WL 6725816, at *2 (D. Nev. 2012).[1]

FRCP 4 provides, in part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

"Pro se litigants are not exempt from these requirements; rather, these litigants must follow the same rules and procedures as everyone else." *de Grise v. Bagus*, 3:10-CV-00662-LRH, 2012 WL 6725816, at *1 (citing *Ghazali v. Moran,* 46 F.3d 53, 53 (9th Cir.1995); *Albra v. Advan, Inc.,* 490 F.3d 826, 829 (11th Cir. 2007) (requiring strict compliance with FRCP 4 procedures, even for pro se plaintiffs)).

The Amended Complaint naming the County Defendants was filed on May 23, 2019, which was clearly less than 90 days ago. Dkt. 39. Plaintiff has therefore not yet exceeded the 90-day threshold of FRCP 4(m). However, Plaintiff has also not shown that service of process was executed in accordance with FRCP 4. Therefore, in the alternative to the Amended Complaint

---

[1] The Court in *de Grise* wrote:

> Defendants suggest, through their 12(b)(2) motion, that insufficient service deprives the court of personal jurisdiction. This misconceives the relationship between service of process and personal jurisdiction: personal jurisdiction "provides a basis for an exercise of jurisdiction, but service of process is the ... means by which a court asserts its jurisdiction over the person." SEC v. Ross, 504 F.3d 1120, 1138 (9th Cir.2007). That is, there is no "lack of personal jurisdiction" for the purposes of Rule 12(b)(2); instead, there is an insufficient service of process under Rule 12(b)(5).

*Id.* at 2 n.1.

being dismissed as to Defendants Ms. Garcia, Ms. Behm, and Ms. DiCarlo, discussed above in § II(C), Plaintiff should be ordered to show cause, if any he has, why the Amended Complaint should not be dismissed without prejudice as to Defendants Ms. Garcia, Ms. Behm, and Ms. DiCarlo for failure to execute service of process.

### III. ORDER

Therefore, it is hereby **ORDERED that:**

- Defendants Pierce County, Tiffany Garcia, Lauren Behm, and MaryBeth DiCarlo's CR 12(b) Motion to Dismiss is **GRANTED** as follows:
    - Plaintiff's 42 U.S.C. § 1983 claim is **DISMISSED** as to Defendants Pierce County, Tiffany Garcia, Lauren Behm, and MaryBeth DiCarlo.
- The Parties are **ORDERED TO SHOW CAUSE**, in writing, if any they have, why this Court should not decline to exercise supplemental jurisdiction over and dismiss Plaintiff's state law claims against Defendants Pierce County, Tiffany Garcia, Lauren Behm, and MaryBeth DiCarlo. The Parties' showings, if any, shall be filed by August 2, 2019, and shall not exceed five pages.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 19th day of July, 2019.

ROBERT J. BRYAN
United States District Judge