UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD BREES,

        Plaintiff,

   v.

HMS GLOBAL MARITIME INC, et al.,

        Defendants.

CASE NO. 3:18-cv-05691-RJB

ORDER

THIS MATTER comes before the Court on review of the record. The Court is familiar with the record and the materials herein, and it is fully advised.

For the reasons set forth below, Defendants Pierce County, Tiffany Garcia, and MaryBeth DiCarlo should be granted leave to amend or withdraw their Motion to Dismiss for Failure to State a Claim (Dkt. 51); and Defendants Steve Caputo, Dominick De Lango, HMS Ferries Inc., HMS Global Maritime Inc., Derick Leenstra, Mylinda Miller, Tara Reynolds, and Thomas Ripa ("HMS Defendants") should be granted leave to amend or withdraw their CR 12(b)(6) Motion for Dismissal of Claims based on Alleged Violations of the Washington State Constitution (Dkt. 80). If Defendants do not amend or withdraw their pending motions to dismiss (Dkts. 51, and 80), they should brief the Court, in writing, as to whether their pending motions to dismiss relate to the operative complaint (Second Amended Complaint, Dkt. 83) in this matter.

ORDER - 1

# I. BACKGROUND

On June 20, 2019, Pierce County, Tiffany Garcia, Lauren Behm, and MaryBeth DiCarlo ("County Defendants") filed a motion to dismiss (Dkt. 51) and a supplemental brief (Dkt. 69).

On July 12, 2019, Plaintiff untimely responded in opposition to County Defendants' motion to dismiss. Dkt. 72.

On July 19, 2019, the Court ruled on and granted County Defendants' motion to dismiss as to Plaintiff's 42 U.S.C. § 1983 claim; the Court ordered the Parties to show cause, in writing, if any they have, why the Court should not decline to exercise supplemental jurisdiction over and dismiss Plaintiff's state law claims against County Defendants. Dkt. 74.

Plaintiff filed a response to the order to show cause (Dkt. 78) and County Defendants filed a response to the order to show cause (Dkt. 79).

On August 20, 2019, the Court *sua sponte* issued an order granting plaintiff leave to file a second amended complaint as to County Defendants only. Dkt. 81. The Court ordered that the second amended complaint, if any, shall be served and filed no later than September 6, 2019. The Court continued: "The Order on Pierce County Defendants' CR 12(b) Motion to Dismiss (Dkt. 74) and rulings on Motions to Compel (Dkts. 62; and 63) are HELD IN ABEYANCE until the Court has considered the sufficiency of Plaintiff's second amended complaint, if any." Dkt. 81, at 2.

On September 3, 2019, Plaintiff filed a Second Amended Complaint. Dkt. 83. Among other amendments, the Second Amended Complaint removed Lauren Behm as a named Defendant. *Compare* Dkt. 39, at 3–6, *with* Dkt. 83, at 3–6.

On September 4, 2019, the County Defendants filed an Objection to Proposed Second Amended Complaint, with three primary arguments related to the Second Amended Complaint.

Dkt. 86. First, County Defendants argue that the Second Amended Complaint deletes Defendant Lauren Behm as a named Defendant, and she should be dismissed with prejudice. Dkt. 86, at 3. Second, County Defendants argue that personal jurisdiction over Defendants, Tiffany Garcia, Lauren Behm, and MaryBeth DiCarlo is absent because Plaintiff has not served any amended complaints on them. Dkt. 86, at 3–4. Third, County Defendants argue that the Second Amended Complaint fails to assert a federal or state claim against County Defendants. Dkt. 86, at 4–5.

On August 15, 2019, HMS Defendants filed a CR 12(b)(6) Motion for Dismissal of Claims based on Alleged Violations of the Washington State Constitution. Dkt. 80. HMS Defendants also filed a notice of errata replacing page one of their motion to dismiss. Dkt. 82. On September 3, 2019, Plaintiff filed a response in opposition to HMS Defendants' Motion to Dismiss. Dkt. 84. Plaintiff also filed a Motion to Compel Discovery against the defendants. Dkt. 86. On September 6, 2019, HMS Defendants filed a reply. Dkt. 87.

Below, the Court first discusses this case's unusual and confusing procedural history. Second, the Court discusses the dismissal of Defendant Lauren Behm. Finally, the Court briefly discusses personal jurisdiction and service of process.

## II.   DISCUSSION

### A. Unusual and Confusing Procedural History

Although County Defendants' motion to dismiss (Dkt. 51) and HMS Defendants' motion to dismiss (Dkt. 80) may have merit, they were drafted with respect to Plaintiff's Amended Complaint (Dkt. 39)—which is no longer the operative complaint in light of Plaintiff having filed a Second Amended Complaint (Dkt. 83). This has produced an unusual and confusing procedural history.

Therefore, in an effort to simplify issues emerging from the record, and to give the defendants an opportunity to fully and fairly defend themselves against Plaintiff's claims in the Second Amended Complaint, Defendants Pierce County, Tiffany Garcia, and MaryBeth DiCarlo should be granted leave to amend or withdraw their Motion to Dismiss for Failure to State a Claim (Dkt. 51). HMS Defendants should be granted leave to amend or withdraw their CR 12(b)(6) Motion for Dismissal of Claims based on Alleged Violations of the Washington State Constitution (Dkt. 80). If the defendants do not amend or withdraw their pending motions to dismiss (Dkts. 51; and 80), they should brief the Court, in writing, as to whether their pending motions to dismiss should be construed as relating to the operative complaint in this matter. Any such amendments, notices of withdrawal, or briefs should be filed by September 27, 2019. Any opposition papers to any such amendments, notices of withdrawal, or briefs shall be filed by October 14, 2019; any reply papers shall be filed by October 18, 2019.

The Order on Pierce County Defendants' CR 12(b) Motion to Dismiss (Dkt. 74) should be stricken, and Plaintiff's Motions to Compel against Pierce County (Dkts. 62; and 63) should be renoted for September 27, 2019.

**B. Dismissal of Defendant Lauren Behm**

Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992). Here, Plaintiff deleted any mention of Lauren Behm from the Second Amended Complaint, even where the complaint discusses the Pierce County employees, e.g., Dkt. 83, at 13–15, and Plaintiff removed her from the list of named defendants. *Compare* Dkt. 39, at 3–6, *with* Dkt. 83, at 3–6. It appears that Plaintiff has abandoned his claims against Lauren Behm.

County Defendants argue that the Court should dismiss with prejudice Lauren Behm, but she is no longer a party to the case. Dismissal is not appropriate or necessary. Therefore, to the extent that County Defendants move to dismiss with prejudice Lauren Behm, that motion should be denied as moot.

**C. Personal Jurisdiction and Service of Process**

County Defendants argue that there is no personal jurisdiction over Defendants Tiffany Garcia and MaryBeth DiCarlo and Lauren Behm ("County Employees") because Plaintiff fails to show service of process on these Defendants. Dkt. 86, at 3–4.

Plaintiff filed four addressed summons forms with the Second Amended Complaint. Dkts. 83-1–4. Two of them were addressed to MaryBeth DiCarlo and Tiffany Garcia. Dkts. 83-3–4. The Court had previously granted Plaintiff's request for assistance as to service pursuant to Rule 4(c). Dkts. 65; and 77. Accordingly, the Clerk will issue the Second Amended Complaint's summons and serve them on behalf of Plaintiff. Therefore, at this time, the Court need not decide matters of personal jurisdiction and service of process regarding Defendants Tiffany Garcia and MaryBeth DiCarlo.

### III. ORDER

THEREFORE, it is hereby ORDERED THAT:

- Defendants Pierce County, Tiffany Garcia, and MaryBeth DiCarlo are **GRANTED LEAVE** to amend or withdraw their Motion to Dismiss for Failure to State a Claim (Dkt. 51). Defendants Steve Caputo, Dominick De Lango, HMS Ferries Inc., HMS Global Maritime Inc., Derick Leenstra, Mylinda Miller, Tara Reynolds, and Thomas Ripa are **GRANTED LEAVE** to amend or withdraw their CR 12(b)(6) Motion for Dismissal of Claims based on Alleged Violations of the Washington State

Constitution (Dkt. 80). If Defendants do not amend or withdraw their pending motions to dismiss (Dkts. 51, and 80), they shall brief the Court, in writing, as to whether their pending motions to dismiss should be construed as relating to the operative complaint (Second Amended Complaint, Dkt. 83) in this matter. Any such amendments, notices of withdrawal, or briefs shall be filed by **September 27, 2019.** Any opposition papers to any such amendments, notices of withdrawal, or briefs shall be filed by **October 14, 2019;** any reply papers shall be filed by **October 18, 2019;**

- The Order on Pierce County Defendants' CR 12(b) Motion to Dismiss (Dkt. 74) is **STRICKEN;**

- To the extent that Defendants Pierce County, Tiffany Garcia, and MaryBeth DiCarlo move to dismiss with prejudice Lauren Behm, that motion is **DENIED AS MOOT;** and

- The following motions are **RENOTED** for **October 18, 2019:**
    - Defendants Pierce County, Tiffany Garcia, and MaryBeth DiCarlo's Motion to Dismiss for Failure to State a Claim (Dkt. 51).
    - Plaintiff's Motion to Compel Pierce County to Complete or Conduct Investigation of Plaintiff's Claim (Dkt. 62).
    - Plaintiff's Motion to Compel Pierce County Defendants to Produce Email Requested Under Public Records Act (Dkt. 63).
    - Defendants Steve Caputo, Dominick De Lango, HMS Ferries Inc., HMS Global Maritime Inc., Derick Leenstra, Mylinda Miller, Tara Reynolds, and

Thomas Ripa's CR 12(b)(6) Motion for Dismissal of Claims based on Alleged Violations of the Washington State Constitution (Dkt. 80).

- o Plaintiff's Motion to Compel Discovery (Dkt. 85).

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 9th day of September, 2019.

*Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge