UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD BREES,<br><br>                Plaintiff,<br>   v.<br><br>HMS GLOBAL MARITIME INC, et al.,<br><br>                Defendants. | CASE NO. 3:18-cv-05691-RJB<br><br>ORDER GRANTING HMS DEFENDANTS' AMENDED CR 12(B)(6) MOTION FOR DISMISSAL OF CLAIMS BASED ON ALLEGED VIOLATIONS OF THE WASHINGTON STATE CONSTITUTION |

THIS MATTER comes before the Court on Defendants HMS Global Maritime Inc., HMS Ferries Inc., Steve Caputo, Dominick De Lango, Mylinda Miller, Thomas Ripa, Tara Reynolds, and Derick F. Leenstra's (collectively "HMS Defendants") Amended CR 12(b)(6) Motion for Dismissal of Claims Based on Alleged Violations of the Washington State Constitution ("Motion for Partial Dismissal"). Dkt. 94. The Court is familiar with the motion, all materials filed in support of and in opposition to the motion, and the remainder of the record herein, and it is fully advised.

For the reasons set forth below, the Court should grant HMS Defendants' Motion for Partial Dismissal.

## I. BACKGROUND

This case arises from allegedly unlawful searches conducted by ferry personnel against Plaintiff Richard Brees when he attempted to board the ferry in his car. Dkt. 83. Pierce County contracts with Defendant HMS Ferries, Inc. ("HMS") to operate Pierce County's ferry system. Dkt. 46, at 2.

Plaintiff's Second Amended Complaint, the operative complaint, alleges two unlawful searches: one occurring on May 17, 2018, and the other on May 18, 2018. Dkt. 83, at 8–10. In the first alleged search, Plaintiff claims that Defendant Steve Caputo, General Manager ("GM"), HMS Ferries, Inc., alongside an unnamed Senior Ticketing Agent and Ferry Captain, attempted to search his vehicle on May 17, 2018. Dkt. 83, at 8–10. Plaintiff apparently resisted the search and was eventually allowed to board the ferry. Dkt. 83, at 9.

In the second alleged search, Plaintiff claims that an "angry GM" initiated a retaliatory search of his vehicle. Dkt. 83, at 9–10. Plaintiff alleges that he initially resisted the search, but "under duress" and "[d]esperate to get home, … [he] walked to his [vehicle] trunk, opened it, and said 'fine, I'll play along, I have to get home, my wife is out of town, and our pets need care, so here search away.'" Dkt. 83, at 10–11. Plaintiff alleges that ferry personnel then searched his car's trunk and instructed Plaintiff to open a large bag, the contents of which were inspected. Dkt. 83, at 11. The operative complaint provides that, after the search was completed, Plaintiff told the GM, "I'll see you in court asshole." Dkt. 83, at 11. Plaintiff was then not allowed to board the ferry. Dkt. 83, at 11.

1   On August 22, 2018, Plaintiff, proceeding pro se, filed an initial complaint with claims against HMS Ferries, Inc., HMS Global Maritime, Inc., and Steve Caputo. Dkt. 1-1. On April 19, 2019, Plaintiff filed a first Amended Complaint naming additional defendants. Dkt. 35-1.

HMS Defendants filed an initial motion for partial dismissal of Plaintiff's claims. Dkt. 80. While that initial motion for partial dismissal was pending, the Court granted leave to Plaintiff to file a second amended complaint. Dkt. 81. The Court also granted leave to the defendants to amend or withdraw their pending motions for dismissal after Plaintiff filed his Second Amended Complaint (Dkt. 83). Dkt. 88.

Plaintiff's Second Amended Complaint makes fourteen claims, seven of which are against HMS Defendants. Dkt. 83, at 12–15, ¶¶ 1–4, and 5–7. Four of Plaintiff's claims against HMS Defendants appear to allege violations of the Washington State Constitution. Dkt. 83, at 12–13, ¶¶ 1–3, and 6.

HMS Defendants filed the instant Amended Motion for Partial Dismissal (Dkt. 94), which is almost identical to HMS Defendants' initial motion for partial dismissal found in Dkt. 80 and still pending consideration. Plaintiff filed a response in opposition to the instant motion. Dkt. 102. HMS Defendants filed a reply in support of the instant motion. Dkt. 104.

## II.  DISCUSSION

### A.  PRO SE STANDARDS

When a plaintiff proceeds pro se, a district court is required to afford plaintiff the benefit of any doubt in ascertaining what claims plaintiff raised in the complaint and argued to the district court. *Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008), (citing *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001)); *see also Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d

621, 623 (9th Cir. 1988) (pleadings of pro se civil rights plaintiff to be construed liberally, affording plaintiff benefit of any doubt).

Because plaintiff filed this complaint pro se, the court has construed the pleadings liberally and has afforded plaintiff the benefit of any doubt. *See Karim-Panahi*, 839 F.2d at 623. However, "[p]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

## B. FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

A complaint must contain "enough facts to state a claim to relief that is plausible on its face" so as to "raise a right to relief above the speculative level. *Id.* at 562-63. "The plausibility standard … asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the

line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). (internal citations and quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957).

"Washington courts have consistently rejected invitations to establish a cause of action for damages based upon constitutional violations without the aid of augmentative legislation." *Blinka v. Washington State Bar Ass'n*, 109 Wn. App. 575, 591 (2001) (internal quotations omitted). Plaintiff has not cited any augmentative legislation for any of the state constitutional violations he alleges.

Therefore, all of Plaintiff's claims that are based on alleged violations of the Washington Constitution lack of a cognizable legal theory and should be dismissed.

**C. HMS DEFENDANTS' INITIAL MOTION FOR PARTIAL DISMISSAL**

HMS Defendants' initial motion for partial dismissal remains pending before the Court. Dkt 80. The initial motion and the instant motion are nearly identical, and it appears that the instant motion should have replaced the prior motion. *Compare* Dkt. 80, *with* Dkt. 94. Therefore, HMS Defendants' initial motion for partial dismissal (Dkt. 80) should be stricken.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- Defendants HMS Global Maritime Inc., HMS Ferries Inc., Steve Caputo, Dominick De Lango, Mylinda Miller, Thomas Ripa, Tara Reynolds, and Derick F. Leenstra's Amended CR 12(b)(6) Motion for Dismissal of Claims Based on Alleged Violations of the Washington State Constitution (Dkt. 94) is **GRANTED** as follows:
    - All of Plaintiff's claims against Defendants HMS Global Maritime Inc., HMS Ferries Inc., Steve Caputo, Dominick De Lango, Mylinda Miller, Thomas Ripa, Tara Reynolds, and Derick F. Leenstra that are based on the Washington Constitution are **DISMISSED.**
- Defendants HMS Global Maritime Inc., HMS Ferries Inc., Steve Caputo, Dominick De Lango, Mylinda Miller, Thomas Ripa, Tara Reynolds, and Derick F. Leenstra's Motion for Dismissal of Claims Based on Alleged Violations of the Washington State Constitution (Dkt. 80) is **STRICKEN.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 25th day of October, 2019.

_____
ROBERT J. BRYAN
United States District Judge