UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD BREES,

               Plaintiff,

v.

HMS GLOBAL MARITIME INC, et al.,

               Defendants.

CASE NO. 3:18-cv-05691-RJB

ORDER ON PIERCE COUNTY
DEFENDANTS' CR 12(B) MOTION
TO DISMISS

THIS MATTER comes before the Court on Pierce County Defendants' Supplemental Brief and/or Amended CR 12(b) Motion to Dismiss ("Amended Motion to Dismiss"). Dkt. 95. The Court is familiar with the motion, all materials filed in support of and in opposition to the motion, and the remainder of the record herein, and it is fully advised. For the reasons set forth below, the Court should grant Pierce County Defendants' Motion to Dismiss.

I. **BACKGROUND**

This case arises from allegedly unlawful searches conducted by ferry personnel against Plaintiff Richard Brees when he attempted to board the ferry in his car. Dkt. 83. Pierce County

contracts with Defendant HMS Ferries, Inc. ("HMS") to operate Pierce County's ferry system. Dkt. 46, at 2.

Plaintiff's Second Amended Complaint, the operative complaint, alleges two unlawful searches: one occurring on May 17, 2018, and the other on May 18, 2018. Dkt. 83, at 8–10. In the first alleged search, Plaintiff claims that Defendant Steve Caputo, General Manager ("GM"), HMS Ferries, Inc., alongside an unnamed Senior Ticketing Agent and Ferry Captain, attempted to search his vehicle on May 17, 2018. Dkt. 83, at 8–10. Plaintiff apparently resisted the search and was eventually allowed to board the ferry. Dkt. 83, at 9.

In the second alleged search, Plaintiff claims that an "angry GM" initiated a retaliatory search of his vehicle. Dkt. 83, at 9–10. Plaintiff alleges that he initially resisted the search, but "under duress" and "[d]esperate to get home, … [he] walked to his [vehicle] trunk, opened it, and said 'fine, I'll play along, I have to get home, my wife is out of town, and our pets need care, so here search away.'" Dkt. 83, at 10–11. Plaintiff alleges that ferry personnel then searched his car's trunk and instructed Plaintiff to open a large bag, the contents of which were inspected. Dkt. 83, at 11. The operative complaint provides that, after the search was completed, Plaintiff told the GM, "I'll see you in court asshole." Dkt. 83, at 11. Plaintiff was then not allowed to board the ferry. Dkt. 83, at 11.

On August 22, 2018, Plaintiff, proceeding pro se, filed an initial complaint with claims against HMS Ferries, Inc., HMS Global Maritime, Inc., and Steve Caputo. Dkt. 1-1. On April 19, 2019, Plaintiff filed a first Amended Complaint naming additional defendants, including Pierce County and three of its employees, Tiffany Garcia ("Ms. Garcia," Risk Investigator), Lauren Behm ("Ms. Behm," Airport and Ferry Administrator), and MaryBeth DiCarlo ("Ms. DiCarlo," Risk Manager). Dkt. 35-1.

Defendants Pierce County, Ms. Garcia, Ms. Behm, and Ms. DiCarlo filed an initial motion to dismiss (Dkt. 51; still pending consideration), which the Court granted in an order that it later vacated. Dkts. 74; 81; and 88. The Court granted leave to Plaintiff to file a second amended complaint. Dkt. 81. The Court also granted leave to the defendants to amend or withdraw their pending motions for dismissal after Plaintiff filed his Second Amended Complaint (Dkt. 83). Dkt. 88.

Plaintiff's Second Amended Complaint abandoned any claims against Ms. Behm, but maintained several claims against Defendants Pierce County, Ms. Garcia, and Ms. DiCarlo (collectively "County Defendants"). Dkts. 83; and 88, at 4–5. Plaintiff's Second Amended Complaint makes fourteen claims, nine of which are against County Defendants. Dkt. 83, at 12–15, ¶¶ 4–5 and 8–14. Plaintiff's only federal claim against County Defendants is a 42 U.S.C. § 1983 claim alleging violation of the Equal Protection Clause of the Fourteenth Amendment. Dkt. 83, at 14, ¶ 11. All other cognizable claims against County Defendants appear to be state law claims. Dkt. 83, at 12–15.

County Defendants filed the instant Amended Motion to Dismiss. Dkt. 95. Plaintiff filed an apparent response in opposition to the instant motion. Dkt. 103. County Defendants filed an apparent reply in support of the instant motion. Dkt. 106.

**II. DISCUSSION**

**A. PRO SE STANDARDS**

When a plaintiff proceeds pro se, a district court is required to afford plaintiff the benefit of any doubt in ascertaining what claims plaintiff raised in the complaint and argued to the district court. *Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008), (citing *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001)); *see also Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d

621, 623 (9th Cir. 1988) (pleadings of pro se civil rights plaintiff to be construed liberally, affording plaintiff benefit of any doubt).

Because plaintiff filed this complaint pro se, the court has construed the pleadings liberally and has afforded plaintiff the benefit of any doubt. *See Karim-Panahi*, 839 F.2d at 623. However, "[p]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

### B.  FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

A complaint must contain "enough facts to state a claim to relief that is plausible on its face" so as to "raise a right to relief above the speculative level. *Id.* at 562-63. "The plausibility standard … asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the

line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). (internal citations and quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957).

1. <u>42 U.S.C. § 1983 Standards</u>

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). "To state a claim under 42 U.S.C. § 1983 for violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington,* 152 F.3d 1993, 1194-95 (9th Cir. 1988). "A local government entity cannot be held liable under § 1983 unless the plaintiff alleges 'that the action inflicting injury flowed from either an explicitly adopted or a tacitly authorized [governmental] policy.'" *Ortez v. Washington Cty., State of O*r., 88 F.3d 804, 811 (9th Cir. 1996) (quoting *Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir.1986)).

"Because vicarious liability is inapplicable to … § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the constitution." *Iqbal,* 556 U.S. at 676. A plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM,* 637 F.2d 1350, 1355 (9th Cir. 1981). A person acts under color of state law when he or she "exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id*. at 49. "The purpose of § 1983 is to deter state actors from using the badge of their authority depriving individuals of their federally guaranteed rights." *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000) (citing *Wyatt v. Cole*, 504 U.S. 158, 161 (1992)).

2. Plaintiff's 42 U.S.C. § 1983 Claim

Plaintiff's Second Amended Complaint's 42 U.S.C. § 1983 claim against County Defendants should be dismissed. Plaintiff has not alleged that the County Defendants' actions flowed from a county policy, custom, or practice. Additionally, despite sometimes stating that he is an "indigent [] senior citizen" and that he is in a "fragile class" e.g., Dkt. 103, at 22, 25, Plaintiff has not shown that he is a member of a protected class, nor has he alleged facts showing that County Defendants discriminated against him for being a member of any protected class.

Plaintiff's factual support is insufficient as to his § 1983 claim against County Defendants and does not satisfy the plausibility standards set forth in *Iqbal*. Plaintiff has provided only unclear, conclusory allegations in support of his § 1983 claim. Plaintiff has not adequately pled his § 1983 claim and his Second Amended Complaint does not satisfy the requirements of Rule 8(a). It is entirely unclear from Plaintiff's Second Amended Complaint how County Defendants violated Plaintiff's constitutional rights. *See, e.g.,* Dkt. 83, at 8, 14 (providing Plaintiff's claim that Defendants Ms. Garcia and Ms. Dicarlo "acting under the color

of state [*sic*] did conspired [*sic*] to deny the Plaintiffs [*sic*] his right(s) to procedural due process free of the unjust enrichment favoring the defendants" and that "Pierce County failed to meet substantive due process requirements [] by prejudging issues of fact in favor of HMS in a quasi-investigation").

Therefore, the Court should grant County Defendant's Motion to Dismiss as to Plaintiff's 42 U.S.C. § 1983 claim. County Defendants further argue that Defendants Ms. DiCarlo and Ms. Garcia are qualifiedly immune. Dkt. 95, at 10–12. However, because the Court will dismiss Plaintiff's § 1983 claim as to the County Defendants for the reasons discussed above, the Court need not consider County Defendants' qualified immunity arguments.

3. Pendent State Law Claims & Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over state law claims if (1) the claims raise novel or complex issues of state law, (2) the state claims substantially predominate over the claim which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the values of economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (internal citations omitted); *see also Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 509 (9th Cir. 1989) ("A district court's exercise of pendent jurisdiction over state law claims arising from the same set of operative facts that supports a federal claim is a matter of discretion"). "When … the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them

without prejudice." *Les Shockley Racing, Inc.,* 884 F.2d at 509 (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343 (1988). Although "it is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court," *Harrell v. 20th Ins. Co.,* 934 F.2d 203, 205 (9th Cir. 1991), in the interest of fairness, the parties should be given an opportunity to be heard on whether the Court should decline to exercise supplemental jurisdiction over the state law claims.

Plaintiff's 42 U.S.C. § 1983 claim against County Defendants will be dismissed by this order, leaving, as to County Defendants, only Plaintiff's state law claims. Plaintiff's state law claims against County Defendants are confusing and it is unclear (and perhaps doubtful) that they are sufficiently related to the same case or controversy underlying Plaintiff's remaining claims against the other parties to warrant supplemental jurisdiction. Therefore, the parties should be ordered to show cause, in writing, if any they have, why this Court should not decline to exercise supplemental jurisdiction over and dismiss without prejudice Plaintiff's state law claims against County Defendants. The parties' showings, if any, should be limited to five pages and filed no later than November 1, 2019. If Plaintiff's state law claims are dismissed without prejudice, Plaintiff may choose to pursue those claims in state court.

### C. PENDING MOTIONS RELATED TO COUNTY DEFENDANTS

There remain five other pending motions related to County Defendants, three of which are Plaintiff's motions to compel discovery (Dkts. 62, 63, and 85) and one is County Defendants' Motion for Stay and Continuance (Dkt. 90). The Court granted, in part, County Defendants' Motion for Stay and Continuance by staying discovery as to County Defendants until the Court decides the instant motion to dismiss; the remaining portions of County Defendants' Motion for Stay and Continuance were renoted for consideration on October 18, 2019. Dkt. 97. Discovery as

to County Defendants should remain stayed until the Court has considered the parties' showings, if any, which are due no later than November 1, 2019; additionally, Plaintiff's three motions to compel discovery (Dkts. 62, 63, and 85) and County Defendants' Motion for Stay and Continuance (Dkt. 90) should be renoted for November 1, 2019. *See Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on a failure to state a claim for relief should … be resolved before discovery begins.").

The fifth other pending motion is County Defendants' initial motion to dismiss. Dkt. 51. Although there are substantial differences between the initial motion to dismiss and the instant motion, it appears that the instant motion should have replaced County Defendants' initial motion to dismiss. Therefore, the Court should strike County Defendants' initial motion to dismiss (Dkt. 51).

### III. ORDER

Therefore, it is hereby **ORDERED that:**

- Defendants Pierce County, Tiffany Garcia, and MaryBeth DiCarlo's Supplemental Brief and/or Amended CR 12(b) Motion to Dismiss (Dkt. 95) is **GRANTED** as follows:
    - Plaintiff's 42 U.S.C. § 1983 claim is **DISMISSED** as to Defendants Pierce County, Tiffany Garcia, and MaryBeth DiCarlo.
- The parties are **ORDERED TO SHOW CAUSE**, in writing, if any they have, why this Court should not decline to exercise supplemental jurisdiction over and dismiss without prejudice Plaintiff's state law claims against Defendants Pierce

County, Tiffany Garcia, and MaryBeth DiCarlo. The parties' showings, if any, shall be filed by **November 1, 2019,** and shall not exceed five pages.

- Discovery as to Defendants Pierce County, Tiffany Garcia, and MaryBeth DiCarlo only is **STAYED** until the Court decides whether to decline to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendants Pierce County, Tiffany Garcia, and MaryBeth DiCarlo.

- Plaintiff's motions to compel discovery (Dkts. 62, 63, and 85) and County Defendants' Motion for Stay and Continuance (Dkt. 90) are **RENOTED** for consideration to **November 1, 2019.**

- Defendants Pierce County, Tiffany Garcia, and MaryBeth DiCarlo's CR12(b) Motion to Dismiss (Dkt. 51) is **STRICKEN.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 25th day of October, 2019.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge