UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD BREES,<br><br>                Plaintiff,<br><br>   v.<br><br>HMS GLOBAL MARITIME INC, et al.,<br><br>               Defendants. | CASE NO. 3:18-cv-05691-RJB<br><br>ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY |

THIS MATTER comes before the Court on Plaintiff's Motion to Compel Discovery. Dkt. 85. The Court is familiar with the record and all materials filed in support of and in opposition to the motion, and it is fully advised. For the reasons set forth below, the Court should deny Plaintiff's Motion to Compel Discovery (Dkt. 85).

## I.    BACKGROUND & PROCEDURAL HISTORY

**A. BACKGROUND**

On July 3, 2019, Defendant Thomas Ripa ("Mr. Ripa"), an employee of HMS Ferries Inc. and/or HMS Global Maritime Inc., responded to Plaintiff's First Set of Interrogatories and Requests for Production. Dkt. 100. Interrogatory No. 6 asked Mr. Ripa, "At any time, have you

ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY - 1

spoken with Steve Caputo, or the law offices of Harrigan Leyh Farmer Thomsen LLP regarding your witness statement? If so, please describe the/those conversation(s)." Dkt. 100, at 2. Mr. Ripa objected and responded as follows:

> Subject to and without waiving any objection, Steven Caputo requested I write a statement regarding the events I witnessed on May 18, 2018 involving the plaintiff and I discussed the events described in my statement with Michelle Buhler and Charles Jordan. []Subject to and without waiving any objection, a 6/27/18 email from Steve Caputo to Thomas Ripa is an associated document."

Dkt. 100, at 2.

On July 17, 2019, Plaintiff served a request for production on Mr. Ripa for "[a]n email dated 6/27/18 from Steven Caputo to Thomas Ripa, otherwise described in Mr. Ripa's interrogatory response as an 'associated document.'" Dkt. 100, at 2. Mr. Ripa objected to producing the email insofar as it also contained a January 26, 2019 email between Mr. Ripa and associate counsel for HMS Global Maritime, Justin Walker ("Mr. Walker"). Dkt. 100, at 2. Mr. Ripa produced the email in redacted form with a privilege log. Dkts. 85, at 7; and 100, at 2, 12–13. Mr. Ripa claimed that the email between he and Mr. Walker was redacted "not only because it was not the subject of plaintiff's discovery request, but also because it was protected from disclosure pursuant to the attorney-client privilege and the work product doctrine, as per the privilege log produced with the document." Dkt. 100, at 2–3.

The parties met and conferred and apparently agreed to partially unredact the email only as to the date of the email and the identities of Mr. Walker and Mr. Ripa. Dkt. 100, at 3. The parties disagree as to whether they ever agreed to produce the email fully unredacted. Dkt. 100, at 3.

The partially unredacted email on file shows a June 27, 2018 email correspondence from Steve Caputo to Mr. Ripa with the following message: "I won't have the date until tomorrow. The statement can wait until then. Please let Dom know. []Thanks,[] Steven Caputo." Dkt. 100, at 12. The email shows that it was sent from Mr. Ripa to Mr. Walker on January 25, 2019, and several lines of text are redacted, including, apparently, Steven Caputo's cell phone number. Dkt. 100, at 23. The attached privilege log refers to the email, which is described as "[e]mail re: 5/18/18 witness statement" and "privilege[d]" as "[w]ork product, attorney-client." Dkt. 100, at 15 (emphasis removed).

## B. PROCEDURAL HISTORY

Plaintiff filed the instant Motion to Compel Discovery. Dkt. 85. Defendants HMS Global Maritime Inc., HMS Ferries Inc., Steve Caputo, Dominick De Lango, Mylinda Miller, Thomas Ripa Tara Reynolds, and Derick F. Leenstra (collectively "HMS Defendants") filed an oppositional response. Dkt. 99. Plaintiff filed a reply in support of the motion. Dkt. 105. The motion was renoted for consideration on November 1, 2019. Dkt. 108.

## II. DISCUSSION

### A. STANDARD ON DISCOVERY GENERALLY

Fed. R. Civ. P. 26 (b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.12 (1978) (*quoting* 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26-131 n. 34 (2d ed. 1976)).

### B. STANDARDS FOR ATTORNEY CLIENT PRIVILIEGE, WORK-PRODUCT DOCTRINE, AND MOTION TO COMPEL

Where, as here, there are federal question claims and pendent state law claims, federal common law governs claims of privilege. *Agster v. Maricopa County,* 422 F.3d 836, 839 (9th Cir. 2005); Fed. R. Evidence 501.

1. <u>Attorney-Client Privilege Standard</u>

"The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). The privilege exists where:

> (1) legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*Id.*

The party asserting the "privilege has the burden of establishing the relationship and privileged nature of the communication." *Id.*

The purpose of the attorney-client privilege is to "encourage full and frank communication between attorneys and their clients." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). "[T]he *Upjohn* Court held that the attorney-client privilege extended to communications with counsel made by all employees, not just upper-echelon management, concerning matters within the scope of their respective corporate duties, supplied for the purpose

of the corporation obtaining legal advice, and treated in a confidential manner." *Davis v. City of Seattle*, No. C06-1659Z, 2007 WL 4166154, at *3 (W.D. Wash. Nov. 20, 2007). "[C]ommunications between employees of a subsidiary corporation and counsel for the parent corporation . . . [are] privileged if the employee possesses information critical to the representation of the parent company and the communications concern matters within the scope of employment." *Admiral Ins. Co. v. U.S. Dist. Court for Dist. of Arizona*, 881 F.2d 1486, 1494 n.6 (9th Cir. 1989).

   2. Work-Product Standard

"The work-product doctrine protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *Richey*, at 567 (internal quotation marks and citation omitted). "To qualify for work-product protection, documents must: (1) be prepared in anticipation of litigation or for trial and (2) be prepared by or for another party or by or for that other party's representative." *Id.* "The work-product doctrine's protections are waivable." *Id.*

"The work-product rule is not a privilege but a qualified immunity protecting from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *Admiral Ins. Co.*, 881 F.2d at 1494.

> The principal difference between the attorney-client privilege and the work product doctrine, in terms of the protections each provides, is that the privilege cannot be overcome by a showing of need, whereas a showing of need may justify discovery of an attorney's work product.

*Id.* Under Rule 26(b)(3)(A), "ordinarily, a party may not discover documents . . . that are prepared in anticipation of litigation," but those materials may be discoverable if the party seeking them "shows that it has substantial need for the materials to prepare its case and cannot,

without undue hardship, obtain their substantial equivalent by other means." The Rule continues, providing that "[i]f the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney." Rule 26(b)(3)(B).

3. Motion to Compel Standard

Rule 37(a)(1) provides:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

4. Meet and Confer Requirements

Plaintiff has certified that the parties met and conferred but were unable to resolve this dispute. Dkt. 85, at 1. Therefore, Plaintiff's motion satisfies the applicable meet and confer requirements.

5. Plaintiff's Motion to Compel Discovery

Plaintiff's Motion to Compel Discovery is without merit. The communication sought by Plaintiff is not the subject of Plaintiff's discovery request, which apparently requested only the email from Steven Caputo to Thomas Ripa. *See* Dkt. 100, at 2. Moreover, it appears that the redacted portions of the email produced by Mr. Ripa are properly subject to the attorney-client privilege, as shown by HMS Defendants. *See Davis v. City of Seattle*, No. C06-1659Z, 2007 WL 4166154, at *3 ("attorney-client privilege extend[s] to communications with counsel made by all employees … concerning matters within the scope of their respective corporate duties, supplied for the purpose of the corporation obtaining legal advice, and treated in a confidential manner"); Dkt. 99, at 4 (The "communication between HMS Goblal in-house counsel Justin Walker and

Mr. Ripa is clearly privileged. Mr. Ripa was a witness to the alleged May 18, 2018 incident while working within the scope of his duties as an HMS Ferries crewmember and provided information to Mr. Walker to enable Mr. Walker to prepare HMS Global's defense to Plaintiff's claims."). Additionally, to the extent Plaintiff seeks unredaction of Steven Caputo's cell phone number in the email, that information is irrelevant and not at all at issue in this litigation.

Therefore, the Court should deny Plaintiff's Motion to Compel Discovery (Dkt. 85).

6. <u>Work-Product Protection</u>

Although Mr. Ripa had apparently previously claimed work-product protection (e.g., Dkt. 100, at 2), the response brief filed in opposition to the instant motion does not discuss or assert work-product protection. *See* Dkt. 99. Regardless, the Court will deny Plaintiff's Motion to Compel Discovery for the reasons discussed above and need not rule as to whether work-product protections apply.

### III.     ORDER

Therefore, it is hereby **ORDERED that:**

- Plaintiff's Motion to Compel Discovery (Dkt. 85) is **DENIED**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 12th day of November, 2019.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge