UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD BREES,

    Plaintiff,

v.

HMS GLOBAL MARITIME INC, et al.,

    Defendants.

CASE NO. 3:18-cv-05691-RJB

ORDER REGARDING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court on four motions for summary judgment: Defendant HMS Global Maritime Inc.'s Motion for Summary Judgment (Dkt. 110); Defendants Steve Caputo, Dominick De Lango, HMS Ferries Inc., HMS Global Maritime Inc., Derick Leenstra, Mylinda Miller, Tara Reynolds, and Thomas Ripa's (collectively "HMS Defendants") Motion for Summary Judgment Dismissing State Law Claims (Dkt. 114); Defendants Dominick De Lango, Derick Leenstra, Mylinda Miller, Tara Reynolds, and Thomas Ripa's Motion for Summary Judgment Re 42 U.S.C. § 1984 Claims (Dkt. 122); and Defendants HMS Ferries Inc. and Steve Caputo's Motion for Summary Judgment Re Dismissal of Plaintiff's 42 U.S.C. § 1984 Claims (Dkt. 130). The Court has considered the pleadings filed regarding the motions and the remaining record.

On August 22, 2018, Plaintiff filed this case making several claims with respect to alleged unlawful searches of his vehicle while attempting to board the Pierce County ferry. Dkt.

ORDER REGARDING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT - 1

1. On May 23, 2019, Plaintiff filed an Amended Complaint naming additional defendants. Dkt. 39. On September 3, 2019, Plaintiff filed a Second Amended Complaint removing all claims against Defendant Lauren Behm. Dkt. 83. On October 25, 2019, the Court dismissed Plaintiff's 42 U.S.C. § 1983 claim against Defendants Pierce County, Tiffany Garcia, and MaryBeth DiCarlo (collectively "County Defendants") and ordered the parties to show cause, in writing, if any they have, why the Court should not decline to exercise supplemental jurisdiction and dismiss without prejudice Plaintiff's state law claims against County Defendants. Dkt. 108. The responses were due November 1, 2019. Dkt. 108. County Defendants filed a response arguing that the Court lacks subject matter jurisdiction over Plaintiff's state law claims against County Defendants and that, alternatively, if the Court has jurisdiction, the state law claims should be dismissed with prejudice. Dkt. 109. Plaintiff did not file a response or otherwise show cause. The Court dismissed without prejudice Plaintiff's state law claims against County Defendants. Dkt. 112.

For the reasons below, the four instant motions for summary judgment, which have various noting dates, should all be noted for consideration on December 13, 2019.

## **NOTIFICATION**

Plaintiff is reminded that "[p]ro se litigants must follow the same rules of procedure that govern other litigants," *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir. 1997), including the Federal Rules of Civil Procedure and the Local Civil Rules of the Western District of Washington ("Local Rules"). Plaintiff is further reminded that although his pro se pleadings are held to a "less stringent standard than formal pleadings drafted by lawyers," he still must meet the requirements of the rules. *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

1 Plaintiff is notified that the remaining defendants seek summary dismissal of Plaintiff's case pursuant to Fed. R. Civ. P. 56. Plaintiff is further notified that if one of the parties files a motion for summary judgment pursuant to Fed. R. Civ. P. 56, the opposing party must respond, by affidavits or as otherwise provided in Rule 56, and must set forth specific facts showing that there is a genuine issue for trial. If defendants file a motion for summary judgment by which they seeks to have the case dismissed, Plaintiff is notified that summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end his case.

Rule 56 tells Plaintiff what he must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of Plaintiff's case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end Plaintiff's case. When a party the Plaintiff is suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), Plaintiff cannot simply rely on what his complaint says. Instead, Plaintiff must set out specific facts in a verified complaint, declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If Plaintiff does not submit his own evidence in opposition, summary judgment, if appropriate, may be entered against him. If summary judgment is granted, Plaintiff's case will be dismissed and there will be no trial. *See Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

If Plaintiff does not file a response providing the appropriate documentation, as described above, this case may be dismissed and there will be no trial. Plaintiff is further notified that pursuant to Local Rules W.D. Wash. LCR 7(b)(2), "[i]f a party fails to file papers in opposition

to a motion, such failure may be considered by the court as an admission that the motion has merit."

In light of Plaintiff's *pro se* status, and to ensure consistency in the Court's orders, Defendant HMS Global Maritime Inc.'s Motion for Summary Judgment Dismissing Plaintiff's Claims (Dkt. 110) and HMS Defendants' Motion for Summary Judgment Dismissing State Law Claims (Dkt. 114) should be renoted for consideration on December 13, 2019. Plaintiff's responses to the four instant motions for summary judgment, if any, should be filed by December 9, 2019. The defendants' replies, if any, should be filed by December 13, 2019.

## **ORDER**

Therefore, it is hereby **ORDERED** that:

- Defendant HMS Global Maritime Inc.'s Motion for Summary Judgment Dismissing Plaintiff's Claims **(Dkt. 110)** and Defendants Steve Caputo, Dominick De Lango, HMS Ferries Inc., HMS Global Maritime Inc., Derick Leenstra, Mylinda Miller, Tara Reynolds, and Thomas Ripa's Motion for Summary Judgment Dismissing State Law Claims **(Dkt. 114)** are **RENOTED** to **December 13, 2019.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 19th day of November, 2019.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge