UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD BREES,

          Plaintiff,

v.

HMS GLOBAL MARITIME INC, et al.,

          Defendants.

CASE NO. 3:18-cv-05691-RJB

ORDER GRANTING DEFENDANT HMS GLOBAL MARITIME, LLC'S MOTION FOR SUMMARY JUDGMENT DISMISSING PLAINTIFF'S CLAIMS

THIS MATTER comes before the Court on Defendant HMS Global Maritime, LLC's ("HMS Global") Motion for Summary Judgment Dismissing Plaintiff's Claims. Dkt. 110. The Court is familiar with the motion, all materials filed in support of and in opposition to the motion, and the remainder of the record herein, and it is fully advised. For the reasons set forth below, the Court should grant HMS Global's Motion for Summary Judgment.

### I.    BACKGROUND & PROCEDURAL HISTORY

This case arises from allegedly unlawful searches conducted by Defendant HMS Ferries, Inc.'s ("HMS Ferry") personnel against Plaintiff when he attempted to board a ferry in his car.

ORDER GRANTING DEFENDANT HMS GLOBAL MARITIME, LLC'S MOTION FOR SUMMARY JUDGMENT DISMISSING PLAINTIFF'S CLAIMS - 1

Dkt. 83. Pierce County contracts with HMS Ferries to operate Pierce County's ferry system. Dkt. 46, at 2. HMS Global is the parent corporate entity and sole shareholder of HMS Ferries. Dkts. 110; and 111. HMS Global is a Delaware corporation; it has no employees or agents in Washington. Dkts. 110; and 111. HMS Ferries manages its own books and accounts and is in the business of managing ferry systems throughout the United States. Dkts. 110; and 111.

HMS Global filed the instant Motion for Summary Judgment. Dkt. 110. Plaintiff filed a response brief. Dkt. 143. HMS Global filed a reply brief. Dkt. 147.

## II. DISCUSSION

### A. PRO SE STANDARDS

When a plaintiff proceeds pro se, a district court is required to afford plaintiff the benefit of any doubt in ascertaining what claims plaintiff raised in the complaint and argued to the district court. *Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008), (citing *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001)); *see also Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (pleadings of pro se civil rights plaintiff to be construed liberally, affording plaintiff benefit of any doubt).

Because Plaintiff filed this complaint pro se, the court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi*, 839 F.2d at 623. However, "[p]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

### B. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is

entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(d). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888–89 (1990).

## C. PIERCING THE CORPORATE VEIL

"[A] parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *United States v. Bestfoods,* 524 U.S. 51, 61 (1998). "The corporate veil may be pierced and the shareholder held liable for the corporation's conduct when, inter alia, the corporate form would otherwise be misused to accomplish certain wrongful purposes, most notably fraud, on the shareholder's behalf." *Id.* at 62. State corporate law and common law principles of liability apply in determining whether the corporate veil should be pierced, unless there is express statutory authority otherwise. *Id.* at 63.

Under Washington law, to pierce the corporate veil, a plaintiff must show that (1) the corporate form was intentionally used to violate or evade a duty, and (2) disregarding the corporate form is necessary to prevent unjustified loss to the injured party. *Meisel v. M & N Modern Hydraulic Press Co.,* 97 Wn.2d 403 (1982).

Plaintiff has not shown that HMS Global's corporate form was intentionally used to violate a duty, nor that disregarding HMS Global's corporate form is necessary to prevent unjustified loss. *See, e.g.,* Dkt. 143. Plaintiff has not shown that HMS Global should be held liable for the alleged acts of its subsidiary. Therefore, the Court should not permit Plaintiff to disregard HMS Global's corporate form and pierce the corporate veil. The Court should grant HMS Global's Motion for Summary Judgment (Dkt. 110) and dismiss HMS Global from the case.

## III. ORDER

Therefore, it is hereby **ORDERED that:**

- Defendant HMS Global Maritime, LLC's Motion for Summary Judgment Dismissing Plaintiff's Claims (Dkt. 110) is **GRANTED;** and

- Defendant HMS Global Maritime, LLC is **DISMISSED** from the case.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 6th day of January, 2020.

*Robert J. Bryan* (signature)

ROBERT J. BRYAN
United States District Judge